**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4531**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER JAREA DRAKE, a/k/a Pissy,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:20-cr-00154-6)

---

Submitted:  August 31, 2022                          Decided:  June 13, 2023

---

Before GREGORY, Chief Judge, and KING and HARRIS, Circuit Judges.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:** Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  Joshua Clarke Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Jarea Drake pled guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and the district court sentenced him to 151 months' imprisonment. Drake now appeals, claiming that the district court erred in calculating his criminal history category and the drug quantity attributable to him, subjecting him to an improperly elevated Sentencing Guidelines range. He further argues that his counsel rendered ineffective assistance at sentencing. The Government has moved to dismiss the appeal, asserting that Drake's claims are barred by the appeal waiver in his plea agreement. For the following reasons, we grant the Government's motion to dismiss the appeal in part, and we affirm in part.

We will generally enforce an appeal waiver if the record establishes (1) that the defendant knowingly and intelligently waived his right to appeal, and (2) that the issues raised on appeal fall within the waiver's scope. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). Upon review of the plea agreement and the Fed. R. Crim. P. 11 hearing, we conclude that the guilty plea is valid and that Drake knowingly and intelligently waived his right to appeal. Moreover, Drake's challenges to the district court's calculation of his Guidelines range fall squarely within the scope of his waiver and do not constitute one of the "extremely narrow exception[s]" to the general enforceability of appeal waivers. *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003). Drake's appeal waiver therefore bars his challenge to the calculation of his Guidelines range.

Drake's ineffective assistance claim, on the other hand, falls outside the scope of his appeal waiver. However, we will not consider ineffective assistance claims on direct

appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507–08 (4th Cir. 2016). Based on our review of the present record, Drake fails to meet this standard, and we therefore decline to review this claim on direct appeal.

Accordingly, we grant the Government's motion in part, dismiss Drake's challenge to the district court's calculation of his sentence as barred by the appeal waiver, and affirm the judgment as to Drake's claim of ineffective assistance of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*